NO. 07-11-00115-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 26, 2011

NICOLE C. FERGUSON, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 100TH DISTRICT COURT OF CARSON COUNTY;

NO. 3701; HONORABLE DAN MIKE BIRD, JUDGE

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Nicole C. Ferguson, appeals the trial court's judgment adjudicating guilt for the offense of felony possession of marijuana.[1] The clerk's record contains a certification of appellant's right of appeal which was not signed by appellant.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.121(a),(b)(5) (West 2010) (the knowing or intentional possession of a useable quantity of marijuana of 2,000 pounds or less but more than 50 pounds is a second degree felony). A second degree felony is punishable by imprisonment for a term of not more than 20 years or less than 2 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.33 (West Supp. 2010).

Effective September 1, 2007, Rule of Appellate Procedure 25.2(d) was amended to require certifications executed after the effective date to be signed by the appellant and a copy served on him. Tex. R. App. P. 25.2(d); *Mason v. State,* No. 07-07-0383-CR, 2008 Tex. App. Lexis 3956 (Tex.App.--Amarillo May 29, 2008) (per curiam order, not designated for publication). Consequently, we abate the appeal and remand the cause to the 100th District Court of Carson County for further proceedings. On remand, the trial court shall utilize whatever means it finds necessary to secure and file with this court a certificate of right to appeal that complies with Rule 25.2(d). Tex. R. App. P. 25.2(d).

If necessary, the trial court shall execute findings of fact, conclusions of law, and any necessary orders it may enter regarding the aforementioned issues and cause its findings, conclusions, and orders, if any, as well as a conforming certificate of appellant's right of appeal to be included in a supplemental clerk's record. If the trial court conducts a hearing in the matter, it shall be stenographically recorded and the transcription included in a supplemental reporter's record. The trial court shall file the supplemental clerk's record and the supplemental reporter's record, if any, with the clerk of this court by May 26, 2010.

It is so ordered.

Per Curiam

Do not publish.

2